rj'he counsel for the plaintiffs in error filed the following petition for a re-hearing:

The counsel for the plaintiffs in error would respectfully ask the court to review that part of the Opinion redered in this cause, which declares that the action may he well maintained. Their belief that the law has been differently understood and acted upon bv the profession generally, and the importance of settling it correctly in the first case in which the question has been directly made before this tribunal, more than any particular interest they feel in the present contest, have induced them to present this petition. A very brief statement of facts will suffice to present the question of law involved. Morris was the surety of Philip Buckner in a joint and several note executed to William Owens. A suit was commenced upon the note against both obligors, but before judgment was recovered, Buckner departed this life, and the judgment was rendered againstMorris alone, who having paid it off recovered return a judgment against the executor of Philip Buckner, on which an execution issued, and was returned no property; after which this suit was instituted against the devisees alone. Can it be sustained under the act of 1819, I Dig. 652 ? is the question. Before the act- of 1792, heirs or devisees were only *649 liable on contracts in which they were expressly bound. By that statute they were made jointly liable with executors or administrators in all cases in which the executors or administrators could be sep arately sued. The act of 1819 authorized a separate suit “ on a contract on which a joint action might have been maintained against the executor or administrator and the heirs or devisees of the deceased person.” It is respectfully suggested, that the word contract, used in this act, does not embrace that class of cases coming under the general denomination of implied undertakings. It was held in ancient times that an action at law could not be maintained in favor of a surety in a bond who paid the debt of his principal, hut it is now allowed in consequence of the equitable principles of assumpsit, the law implying an undertaking to pay. See II Term Rep. 105 ; III Christian’sBlackstone, 163.
This undertaking is not a contract in the sense in whieh that term is used by the statute, but a mere duty. The act of 1792 gives a joint action in all cases where the executor or administrator might be sued alone; the act of 1819 uses less comprehensive language, and allows a separate suit against the heirs or devisees, only in the case of a contract on which a joint action might have been brought. Such seems to have been the opinion of this court, in the case of Bedell’s Administrator vs. Keethley, V Mon, 600, in which the subject is incidentally treated. That was a case of an implied undertaking, where a separate judgment had been recovered against the personal representative, and the counsel below supposing that there was no remedy at law against the heirs, filed a bill to render them liable. The court, speaking in reference to this state of case, says, “ that the remedy by the act of 1792 was statutory and must be pursued, and if the heirs were omitted in the first action, there was no express provision for suing them subsequently, in a separate suit, until the passage of the act of 1819, which authorizes a separate suit against the heir, in the case of contracts, and that it might be insisted that there was no remedy to reach the real assets in the heirs, except in cases of contracts, unless the chancellor will interfere.” *650 Jt is evident, as the case before the court was that of an jmpjje(j undertaking, that it was supposed not be embraced by the term contract in the statute. In consequence of that, the court went on to discuss the ciuesti°rti whether, after prosecuting the personal representative unsuccessfully, a new suit might be maintained, including therein, a second time, the personal representative with the heirs or devisees. Of what moment was it to discuss that question, if •the suit might have been maintained against the 'heirs alone ?
This construction of the act of 181 &, has been recognised, and, as we humbly conceive, acted upon, in the case of Lansdale’s Administrator vs. Cox, VII Monroe, 404. In that case, the court uses the following language. u The action at law, then, by one surety against his co-surety, arises out of an implied undertaking, not by force of express contract, and consequently the heirs cannot have been expressly bound by the ancestor. So that the action at law by one surety against the representatives of a deceased co-surety must, by the principles of the common law, be against the executor or administrator. To reach the heirs in a suit at law, the remedy given by our statute in such cases must be jointly against the executors or administrators and heirs, not against ihe heirs aloned’ In this case, we would ask, when did the liability or duty accrue ? The judgment was: not recovered in the testator’s life time, nor was the money paid until long after his death. The law raised no assumpsit, no promise by implication, until the surety paid the money. The money was-, paid, laid out and expended, not for the use of the testator, but of the executor. The heirs were not expressly bound, and we dó not suppose that in that state of case it could be gravely contended, that they ever came under an implied undertaking to the surety of their ancestor. So that, whether the word contract, in the statute, be construed as an express or implied one, or that of the ancestor or heir, it would equally follow, in this case, that the action could not be' maintained.
MOREHE-AR & BROWN.

ijhief Justice Robertson

delivered the Opinion ef the Court ^'Mióles i

The act of 1792 embraces all contracts
express or implied ; and the act of 1819 is equally comprehensive, and applies to all cases to which the act of 1792 applies ; and we have seen no authority to the contrary.
Petition overruled.